PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2008 Dodge Ram 1500 struck a hole on County Route 36/1 near Wallbaclc, Clay *205 county. County Route 36/1 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 11:30 a.m. on February 18,2010. County Route 3 6/1 is a one-lane paved rural road. Claimant, Brodis R. Brown, testified that he drives County Route 36/1 everyday and is familiar with it and the particular defect in question, which he stated had been there for at least six months. Mr. Brodis stated that he had previously reported the hole to Respondent, but no remedial measures had been taken. At the time of the incident, a dog wandered into the road in front of Claimant, and as Claimant swerved to avoid the dog, his vehicle struck the hole in the pavement, causing a piece of asphalt to bréale off. As a result of this incident, Claimant’s vehicle sustained damage in the form of a scarred rim, requiring a cosmetic replacement in the amount of $768.50. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, Claimant’s recovery is limited to that amount.
It is Claimant’s position that Respondent knew or should have known about condition on County Route 36/1 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain County Route 36/1 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 36/1 at the time of the incident. Respondent presented no witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the defect in the pavement on County Route 36/1. Since a hole in the travel portion of the road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $500.00.
Award of $500.00.